

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

_____

| | | |
|---|---|---|
| WILLIAM E. FITZPATRICK<br>ACTING UNITED STATES ATTORNEY<br><br>*Kruti D. Dharia*<br>*Assistant United States Attorney* | *970 Broad Street, Suite 700*<br>*Newark, NJ 07102*<br>*kruti.dharia@usdoj.gov* | *main: (973) 645-2700*<br>*direct:(973) 645-2891* |

December 13, 2017

**BY ECF**
Honorable Freda L. Wolfson
U.S. District Judge
Clarkson S. Fisher Building & Courthouse
402 East State Street
Trenton, N.J. 08608

      Re:    *Qayyum v. Tillerson, et al.*, No. 3:17-CV-6780 (FLW)(LHG)

Dear Judge Wolfson:

      The Government submits this letter in response to the pro se Plaintiff's letter, filed on December 8, 2017. Plaintiff alleges that service upon the individual federal defendants is complete because he served the United States Department of State. However, Fed. R. Civ. P. 4(i), the rule that governs service on federal employees, requires a plaintiff to complete several steps before service is considered complete. In addition to serving the federal agency, Plaintiff must also serve the United States. *See* Fed. R. Civ. P. 4(i)(2).

      Proper service on the United States requires a party to send a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States Attorney's Office for the District of New Jersey ("USAO") and to send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. *See* Rule 4(i)(1); *see also Fominyam v. Borgen*, No. 16-CV-411, 2017 WL 1243139, at *2 (D.N.J. Jan. 20, 2017) (holding that although the plaintiff may have mailed the summons and complaint to the federal agency, service was improper because he did not serve the USAO and the Attorney General of the United States); *Machulas v. Sec'y, Dep't of Air Force*, No. 06-CV-225, 2006 WL 2927616, at *2 (D.N.J. Oct. 11, 2006) (dismissing the case for lack of service because while the pro se plaintiff mailed a copy of the summons and complaint to the federal agency, he failed to serve the USAO and the Attorney General of the United States). Here, as evidenced by Plaintiff's submissions, Plaintiff failed to complete these necessary steps to effect service.

Second, while it is difficult to ascertain, it appears from Plaintiff's submissions that Plaintiff personally mailed a copy of the summons and complaint to the U.S Department of State. Rule 4(c)(2) provides that a party may not personally effect service. "Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail." *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010); *see also Fominyam*, 2017 WL 1243139, at *2 (holding that the pro se plaintiff's attempt to serve the defendants was improper because he personally mailed the summons and complaint to the federal agency); *McCray v. Unite Here*, No. 13-CV-6540, 2015 WL 1279694, at *3 (D.N.J. Mar. 20, 2015) (concluding that service was ineffective where the pro se plaintiff mailed the summonses to the USAO himself); *Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007) (concluding that Rule 4 does not allow a pro se plaintiff to circumvent procedural requirements by effectuating service by certified mail himself). Accordingly, Plaintiff's attempt to serve the U.S. Department of State is improper because he failed to comply with Rule 4(c)(2).

Thank you for your consideration.

Respectfully submitted,

WILLIAM E. FITZPATRICK
Acting United States Attorney

s/ *Kruti Dharia*

By:  Kruti D. Dharia
Assistant U.S. Attorney

cc:   *Murad Abdul Qayyum (by ECF)*