**\*\*NOT FOR PUBLICATION\*\***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____ :     Civil Action No. 17-6780 (FLW)(LHG)

MURAD ABDUL QAYYUM,           :

                                      :     **OPINION**

                 Plaintiff,       :

                                        :

     v.                                   :

                                        :

REX W. TILLERSON, ALICIA        :
FRECHETTE, STEVE BRDA, STEVE    :
FOSTER, and STACEY PRICE,       :

                                        :

                 Defendants.    :

_____ :

**WOLFSON, United States District Judge**:

       Before the Court is the motion of Defendant Stacey Price to dismiss the Complaint of *pro se* Plaintiff Murad Abdul Qayyum for lack of personal jurisdiction, and, in the alternative, for improper venue, failure to exhaust administrative remedies, failure to state a claim, and failure to make proper service. For the reasons set forth below, the Court finds that it lacks personal jurisdiction over Defendant Price, and, accordingly, dismisses her from this action. Because the remaining four defendants named in Plaintiff's Complaint are United States Government officers and employees, who have not been served, the Clerk of Court shall reissue summons, and Plaintiff shall be afforded a final opportunity to make service in accordance with Fed. R. Civ. P. 4(i).

**I. FACTUAL BACKGROUND & PROCEDURAL HISTORY**

       On November 24, 2016, Plaintiff filed a Complaint with the Equal Employment Opportunity Commission ("EEOC") against two employees of the United States Department of State and a private contractor, Scientific Research Corporation, Inc. ("SRC"). Plaintiff alleged

1

that the State Department employees—his former supervisors—and SRC—his former employer—discriminated against him, created a hostile work environment, and wrongfully terminated him on the basis of his Asian/Pakistani ethnicity and national origin, his Muslim religion, and in retaliation for his complaints about alleged unlawful activities at his workplace. The events in the EEOC Complaint were alleged to have taken place in and around the United States Consulate in Karachi, Pakistan, where Plaintiff, a civil engineer, was employed by SRC as a government contractor assigned to a construction project. On March 17, 2017, the EEOC issued Amended and Revised Allegations, clarifying the issues to be investigated as follows: discrimination on the basis of Pakistani national origin and Muslim religion, as well as retaliation for alleged engagement in protected activities, leading to a hostile work environment and, ultimately, Plaintiff's removal from his position as a contractor with SRC. ECF No. 1-6, p. 2.

The EEOC conducted an investigation, during which Defendant Price, Plaintiff's former supervisor at the Karachi job site, was interviewed as a witness. The EEOC then prepared an investigation report, which was provided to Plaintiff. Plaintiff objected to the report on June 18, 2017, and requested a final agency decision on the merits of his EEOC Complaint. On August 17, 2017, the EEOC issued a decision that Plaintiff had failed to show sufficient evidence of discrimination and therefore denied Plaintiff's request for relief. The Agency also issued Plaintiff a right to sue letter. Plaintiff filed this action on September 5, 2017, naming as defendants Former Secretary of State Rex W. Tillerson, Alicia Frechette, Steve Brda, Steve Foster, and Stacey Price. Plaintiff filed a rudimentary form Complaint, largely relying upon the allegations in his EEOC Complaint for the relevant facts. Accordingly, the allegations before this Court and those before the EEOC are substantially identical and concern Defendants' alleged misconduct in Karachi, Pakistan, claimed to be in violation of Title VII of the Civil Rights Act of 1964.

On November 27, 2017, Plaintiff purported to return executed summons in a filing with the Court. Plaintiff's filing indicated that Plaintiff attempted to serve Defendants Tillerson, Brde, and Foster by certified mail on September 20, 2017, at their offices in Washington, DC. On December 6, 2017, the United States Attorney's Office for the District of New Jersey, on behalf of the Government, without formally appearing in the action, filed a letter indicating that service upon Defendants Tillerson, Brde, and Foster had not been properly made in compliance with Fed. R. Civ. P. 4(i), which requires, *inter alia*, service of the Complaint upon the United States Attorney's Office and the Attorney General. On December 8, 2018, Plaintiff filed a letter with the Court, refiling his alleged proof of service and arguing that the instructions in his EEOC right to sue letter allowed him to proceed without serving the United States Attorney or the Attorney General. ECF No. 9. On December 13, 2017, the United States Attorney's Office filed a responsive letter, explaining, in detail, how Plaintiff might make service in compliance with Fed. R. Civ. P. 4(i). Plaintiff responded on March 15, 2018, by yet again submitting his November 27, 2017 purported proof of service.

Separately, on October 9, 2017, Defendant Price moved to dismiss for lack of personal jurisdiction, and, in the alternative, for improper venue, failure to exhaust administrative remedies, failure to state a claim, and failure to make proper service.[1] Along with her motion, Defendant Price submitted an affidavit setting forth the following jurisdictional facts. Ms. Price is a resident of and lives in the State of South Carolina. Declaration of Stacey Annette Price ("Price Decl."), ¶ 3. She does not own or rent any property in New Jersey. *Id.* at ¶ 4. Nor does

---

[1] Plaintiff's motion also makes arguments seeking the dismissal of, or rather the preemptive refusal to allow any amendment to the Complaint to name Defendant Price's employer, Scientific Research Corporation. These arguments are premature as Scientific Research Group is not a named party in the Complaint.

she live, work, or maintain an office in New Jersey. *Id.* Furthermore, Plaintiff's Complaint does not allege that Ms. Price has a registered agent, a bank account, or a telephone number, or post office box in New Jersey. *See also* Price Decl., ¶ 5. Moreover, there are no allegations in the Complaint that Ms. Price conducted business or any other activities in New Jersey. On October 18, 2017, Plaintiff filed an Opposition to the Motion. In his Opposition, however, Plaintiff concedes Defendant Price's jurisdictional facts, including that she worked for SRC, which was headquartered in Atlanta, Georgia; lived and worked in Charleston, South Carolina; and was responsible for supervising Plaintiff in Karachi, Pakistan, where all incidents in the Complaint are alleged to have occurred. ECF No. 6, ¶¶ 1.4-1.5. With no disputed facts, Defendant Price's motion is therefore ripe for decision without an evidentiary hearing.

## II. STANDARD OF REVIEW

A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing Fed. R. Civ. P. 4(e); *see also Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 144 (3d Cir. 1992)). "[T]he New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (citations omitted).

In the context of a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc.*, 384 F.3d at 97; *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003). Still, plaintiff "'bears the burden to prove, by a preponderance of

the evidence,' that personal jurisdiction is proper." *Cerciello v. Canale*, 563 Fed. Appx. 924, 925 n.1 (3d Cir. 2014) (quoting *Carteret Sav. Bank, FA*, 954 F.2d at 146). In order "[t]o meet that burden, [plaintiff] must 'establish [ ] jurisdictional facts through sworn affidavits or other competent evidence.'" *Id.* (quoting *Miller Yacht Sales, Inc.*, 384 F.3d at 101 n.6). "Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F.Supp.2d 629, 633 (D.N.J. 2004) (citing *Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992)).

Plaintiff in this matter is proceeding, *pro se*. "The obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)); *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)). "Courts are to construe complaints so 'as to do substantial justice,' Fed. R. Civ. P. 8(f), keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004). "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997)). "[T]here are limits to [the courts'] . . . flexibility. . . . [P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282 (citing *Milhouse v. Carlson,* 652 F.2d 371, 373 (3d Cir. 1981)).

III. ANALYSIS

A court may exercise either specific or general personal jurisdiction over an individual defendant. Here, the undisputed facts, as alleged in Plaintiff's Complaint, set forth in Defendant Price's affidavit, and conceded in Plaintiff's Opposition, support neither.

A. Specific Jurisdiction

To examine whether specific jurisdiction exists, courts apply a three-part inquiry:

(1) Defendant's activities must be purposefully directed at the forum;

(2) "[P]laintiff's claim[s] must arise out of or relate to at least one of those specific activities"; and

(3) The assertion of jurisdiction must be reasonable or "otherwise comport [ ] with fair play and substantial justice."

*Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (internal quotations and citations omitted);

*Bristol–Myers*, 137 S.Ct. at 1179.

Here, all of Defendant Price's alleged conduct occurred in Karachi, Pakistan. Plaintiff's claims under Title VII arise out of and relate only to that conduct in Karachi, Pakistan, specifically the defendants' alleged discrimination and retaliation against, creation of a hostile work environment for, and wrongful termination of Plaintiff. No conduct is alleged to have occurred in or been directed at the District of New Jersey. The assertion of jurisdiction in this District therefore would not comport with well-established notions of fair play and substantial justice, and there is no personal jurisdiction over Defendant Price in the District based upon the principles of specific jurisdiction.

B. General Jurisdiction

An individual is subject to general jurisdiction in the State of his or her domicile.

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's

domicile"). Here, it is undisputed that Ms. Price is domiciled and resides in South Carolina. She does not own or rent any property in New Jersey; or live, work, or maintain an office in New Jersey; and it is not alleged that she has a registered agent, bank account, telephone number, or post office box in New Jersey, or otherwise conducts business or any other activities in New Jersey. Accordingly, the Court may not exercise general jurisdiction over Plaintiff in this forum.

## C. Transfer

Defendant Price also, anticipating an argument that Plaintiff ultimately did not raise, preemptively argues the inappropriateness of transfer as an alternative to dismissal of the Complaint against Defendant Price for lack of personal jurisdiction. 28 U.S.C. § 1631 provides in relevant part that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. "[S]ection 1631 . . . permit[s] the transfer of all or only part of an action." *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 110 (3d Cir. 2009). "[W]here a case could have been brought against some defendants in the transferee district, the claims against those defendants may be severed and transferred while the claims against the remaining defendants, for whom transfer would not be proper, are retained." *Id.* "Nevertheless, before dividing the case, the District Court should weigh the factors favoring transfer against the potential inefficiency of requiring the similar and overlapping issues to be litigated in two separate forums." *Id.* at 111. Moreover, dismissal in lieu of transfer is appropriate where it is clear that transfer would be "a futile waste of judicial and party resources." *United States v. Foy*, 803 F.3d 128, 136 n.7 (3d Cir. 2015).

Here, transfer of this action would clearly be futile. "[I]ndividuals may not be held liable under Title VII," and so Plaintiff's claim against Defendant Price is subject to dismissal with prejudice. *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 184 (3d Cir. 1997). Moreover, a "defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Ibid.* Plaintiff fails to allege any specific conduct by Defendant Price contributing to his discrimination, hostile work environment, or wrongful termination claims, which, from the allegations in the Complaint appear premised on the conduct of Defendants Brda and Foster alone, making a curative amendment unlikely. Specifically, the lone, conclusory allegation against Defendant Price is that she "was also involved to support the . . . project director and to terminate the complainant's employment wrongfully." ECF No. 1, p. 3 (the Complaint does not contain numbered paragraphs).[2] Additionally, because the remaining defendants named in the

---

[2]    In her motion Defendant Price also argues extensively that any transfer would be futile due to Plaintiff's failure to exhaust his administrative remedies with respect to Defendant. "To bring a claim under Title VII, a plaintiff must file a charge of discrimination with the EEOC and procure a notice of the right to sue." *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013). "A Title VII action ordinarily may be brought only against *a party previously named in an EEOC action.*" *Schafer v. Bd. of Pub. Educ. of the Sch. Dist. of Pittsburgh, Pa.*, 903 F.2d 243, 251 (3d Cir. 1990) (citing 42 U.S.C. § 2000e-5(f)(1)) (emphasis added). Defendant Price was not named as a defendant in Plaintiff's EEOC Complaint. The Third Circuit, however, "recognizes an exception when the unnamed party received notice and when there is a shared commonality of interest with the named party." *Schafer v. Bd. of Pub. Educ. of the Sch. Dist. of Pittsburgh, Pa.*, 903 F.2d 243, 252 (3d Cir. 1990). The Third Circuit "enumerated four factors that should be considered in determining whether the district court" possesses jurisdiction over a plaintiff's Title VII claims:

    1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named (party) are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would

Complaint have not been served, and it is not apparent on the face of the Complaint that personal jurisdiction exists over those defendants in any forum to which transfer of the action against Defendant Price would appropriate, it is likely that the severance of the case, and the maintenance of separate proceedings with substantially overlapping issues of law and fact would give rise to judicial inefficiency. Dismissal is therefore the appropriate remedy for the Court's lack of personal jurisdiction over Defendant Price.

D. Defendants Not Served

The remaining defendants named in the Complaint — Rex W. Tillerson, Alicia Frechette, Steve Brda, and Steve Foster — are United States Government officers and employees. The relevant service provision for such individuals is Fed. R. Civ. P. 4(i), which provides that to make service Plaintiff must, *inter alia*, "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" or "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office" and "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." The submissions on the docket to date reflect that Plaintiff has not yet made service in accordance with this Rule.

In the absence of proper service, the Court also lacks personal jurisdiction over the remaining defendants named in the Complaint. Specifically, "[p]ersonal jurisdiction . . . is 'an

---

be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Glus*, 629 F.2d at 251. The court cautioned, however, that "[t]his four-prong test is not a mechanical one; no single factor is decisive. Instead each factor should be evaluated in light of the statutory purposes of Title VII and the interests of both parties." *Id.* The Court need not apply these factors here, as transfer of the Complaint against Defendant Price would be futile on other grounds.

essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication.'" *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584, 119 S. Ct. 1563, 143 L.Ed.2d 760 (1999) (quoting *Employers Reinsurance Corp. v. Bryant,* 299 U.S. 374, 382, 57 S. Ct. 273, 81 L. Ed. 289 (1937)). Proper service of the summons and complaint is required for the Court to have personal jurisdiction over a defendant. *Omni Capital Int'l. Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). "A federal district court acquires personal jurisdiction over a defendant when the plaintiff serves the defendant with the complaint in a manner specified by Rule 4 of the Federal Rules of Civil Procedure." *Lampe v. Xouth, Inc.,* 952 F.2d 697, 7001 (3d Cir. 1991).

Mindful of the latitude afforded to *pro se* litigants, however, instead of dismissing this action, this Court will grant Plaintiff another opportunity to make service, in conformance with Fed R. Civ. P. 4, as clarified in this Opinion, within thirty (30) days. If proper service is not made within this timeframe, the Court will dismiss the case without prejudice.

IV. CONCLUSION

For the foregoing reasons, Defendant Price's motion to dismiss is granted, and Defendant Price is dismissed from this action because the Court lacks personal jurisdiction over her. Plaintiff is granted thirty (30) days to serve the remaining defendants named in the Complaint in conformance with the Federal Rules of Civil Procedure and this Opinion. An appropriate Order to follow.


Date:   April 30, 2018                                    */s/ Freda L. Wolfson*
                                                          FREDA L. WOLFSON, U.S.D.J.